IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-CR-30161-MJR |
| ) | |
| MARIO GRIMES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

Before this Court is Defendant Mario Grimes' motion in limine seeking to preclude the government from impeaching Grimes with evidence of his prior convictions (Doc. 47). Grimes has one prior juvenile adjudication and three prior felony convictions.

As to Grimes' prior juvenile adjudication, **FEDERAL RULE OF EVIDENCE 609(d)** precludes impeachment of an accused through evidence of juvenile adjudications. Accordingly, the Court **GRANTS** Grimes' motion to the extent it asks this Court to preclude the government from impeaching Grimes by evidence of that adjudication.

As to Grimes' remaining convictions, the analysis is relatively more complex. Grimes has the following felony convictions: (1) a 2001 conviction for Tampering First Degree, (2) a 2001 conviction for Possession of a Defaced Firearm, and (3) a 2002 conviction for Felon in Possession of a Handgun, the offense on which he was incarcerated when the charged offenses occurred.

Pursuant to **FEDERAL RULE OF EVIDENCE 609(b),** prior crimes are only admissible for impeachment purposes if no more than ten years have elapsed from the date of conviction or the date of release from confinement. In this matter, all three of Grimes' prior convictions fall within

1

this ten-year period.  Accordingly, evidence of these crimes should be allowed for impeachment purposes if this Court finds that the convictions meet the balancing test provided in **RULE 609(a)**.

**FEDERAL RULE OF EVIDENCE 609(a)** provides that, "[f]or the purpose of attacking the credibility of a witness, ... evidence that an accused has been convicted of such a crime [*i.e.* one punishable by more than a year's imprisonment] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused."

In *United States v. Mahone,* **537 F.2d 922 (7th Cir. 1976),** the Seventh Circuit articulated a five-part test to guide a district court in the exercise of its discretion in determining whether the probative value of a conviction outweighs its prejudicial effect: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. ***See United States v. Montgomery,*** **390 F.3d 1013, 1015 (7th Cir. 2004);** *United States v. Hernandez,* **106 F.3d 737, 739-40 (7th Cir. 1997);** *Rodriguez v. United States,* **286 F.3d 972, 983 (7th Cir. 2002).**

The Government concedes that none of the crimes involved truthfulness or dishonesty.  Moreover, the Court notes that the jury will undoubtedly know that Grimes has been convicted of a federal offense, as the indictment itself makes this fact obvious and the jury will hear that the alleged crimes occurred in a federal correctional facility.  Further, testimony by correctional officers, as well as Grimes himself, will clearly indicate that Grimes is in fact an inmate in the federal institution.  In light of these facts, the impeachment value of these prior crimes is extremely low.  Moreover, all three of these convictions occurred over four years ago, and are relatively far removed in time from the current charges.

In addition, evidence of these crimes is highly prejudicial to Grimes. Evidence of at least two of the convictions will inform the jury that Grimes' was in possession of a handgun. To the average person, the illegal possession of a handgun, if nothing more, *suggests* a propensity for violence. Moreover, knowledge of Grimes' previous illegal possession of a firearm will undoubtedly further influence the jury to see Grimes as a bad person, heightening the risk of a conviction on this improper basis.

This Court agrees with the Government's assertions as to the importance of Grimes' testimony and the centrality of the credibility issues. The primary evidence of the assaults will consist of testimony by Grimes and correctional officers, and Grimes' testimony will likely become a central issue in this case. However, none of the cases that the Government cites in support of its argument that this evidence should be admitted involve the situation before the Court – where it will be obvious to all observers that Grimes is a convicted felon.

In light of these facts, this Court is not convinced that evidence of Grimes' prior convictions will serve any useful purpose other than further prejudicing the jurors against Grimes. The jury will know that Grimes is a convicted felon, and this fact undoubtedly will play a large role in the jurors' minds when they are gauging the truthfulness of Grimes' testimony. Additional evidence regarding the prior conviction is unlikely to have any significant effect on Grimes' already diminished credibility. Rather, such evidence mainly would serve to further portray Grimes as a bad person and would expose him to undue prejudice. Accordingly, the Court **FINDS** that the probative value of the evidence of Grimes' prior convictions does not outweigh its prejudicial effect to Grimes. Pursuant to **FEDERAL RULE OF EVIDENCE 609(a),** therefore, the Court **GRANTS** Grimes' motion (Doc. 47) in its entirety and precludes the Government from eliciting testimony concerning Grimes'

prior convictions.

**IT IS SO ORDERED.**

**DATED this 2nd day of June, 2006.**

<u>s/ Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**