IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 05-CR-30161-MJR |
| ) | |
| **MARIO GRIMES,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

Before this Court is the Government's motion in limine seeking to prevent defense counsel from defining reasonable doubt and/or addressing any potential sentence to the jury at trial (Doc. 57). Counsel for Grimes has informed this Court that Grimes does not intend to respond to this motion.

As the Government points out, Seventh Circuit Pattern Jury Instruction No. 2.04 directs that "no instruction be given defining 'reasonable doubt.'" **Seventh Circuit Pattern Jury Instr. 2.04 (1999)**. Moreover, the Seventh Circuit has stated, "we admonish counsel, do not define 'reasonable doubt' to a jury." *United States v. Alex Janows & Co.,* **2 F.3d 716, 723 (7th Cir. 1993).** Accordingly, the Court **GRANTS** the Government's motion on this point and prohibits counsel for Grimes *as well as* counsel for the Government from defining "reasonable doubt" to the jury. The scope of this Order is narrow: It does not prevent argument regarding reasonable doubt such as, "You are reasonable people and if you have reason to doubt, then there is reasonable doubt, and you must acquit." This Order simply prohibits the parties from *defining* "reasonable doubt."

Regarding Grimes' potential sentence, the Supreme Court has stated, "it is well

1

established that when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed." ***Shannon v. United States*, 512 U.S. 573, 579 (1994).** "Information regarding the consequences of a verdict is ... irrelevant to the jury's task." ***Id.*** Accordingly, the Court **GRANTS** the Government's motion on this issue, and prohibits counsel for Grimes *as well as* counsel for the Government from divulging Grimes' potential sentence to the jury during trial.

**IT IS SO ORDERED.**

**DATED this 7th day of June, 2006.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN
United States District Judge**