**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 05-CR-30161-MJR** |
| | ) | |
| **MARIO GRIMES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

Before this Court is the Government's notice of intent to use other acts evidence (Doc. 55), and supplemental notice of intent to use other acts evidence (Doc. 58). Defendant Mario Grimes has filed objections to both documents (*See* Docs. 59, 61).

**A. Factual and Procedural Background:**

On February 23, 2006, a federal Grand Jury returned a nine-count Superseding Indictment against Grimes (*See* Doc. 37). Counts 1, 2, 3, 4, 5, 7, and 9 charge Grimes with threatening to assault and/or murder federal correctional officers with the intent to retaliate against those officers on account of the performance of their official duties, in violation of **18 U.S.C. § 115(a)(1)(B)**. Counts 6 and 8 charge Grimes with forcibly assaulting federal correctional officers while the officers were engaged in their official duties, in violation of **18 U.S.C. § 111(a)(1)**. These incidents occurred between March 13, 2005, and November 12, 2005, while Grimes was an inmate at FCI-Greenville in Bond County for previously having been convicted of being a felon in possession of a firearm. On March 25, 2006, Grimes pled guilty to Counts 1, 2, 3, 4, 5, 7, and 9 (hereinafter "other charged offenses"). A jury trial on Counts 6 and 8 is currently set to begin June

1

26, 2006.

The Government now provides notice to this Court that it intends to introduce evidence of Grimes' other charged offenses in support of Counts 6 and 8, and requests that this Court make a pre-trial ruling on the admissibility of this evidence (*See* Doc. 55).   In addition, the Government seeks a pre-trial ruling on the admissibility of evidence of prior threats and assaults allegedly committed by Grimes that were not charged in the instant matter (*See* Doc. 58).

In its original and supplemental notices, the Government has outlined in significant detail the evidence it anticipates presenting in relation to Grimes' "other charged offenses" and other prior bad acts (*See* Doc. 55, pp. 2-10; Doc. 58, pp. 1-3).   Accordingly, this Court's own recitation of these facts is unnecessary for purposes of deciding the issues at hand.   The Court will reference the specifics of Grimes' prior offenses/bad acts where necessary.

**B.** <u>**Analysis**</u>**:**

Prior bad act evidence may be admitted either pursuant to **FEDERAL RULE OF EVIDENCE 404(b),** or where it is intricately related to the current charged crime or necessary to complete the story of the crime on trial. ***See United States v. Ramirez,* 45 F.3d 1096, 1102 (7th Cir. 1995);** ***United States v. Hargrove,* 929 F.2d 316, 320 (7th Cir. 1991).**   In this matter, the Government asserts both theories in support of the admission of the prior acts evidence.   The Court will consider each of these arguments in turn.

***Whether Evidence of the Other Charged Offenses is "Intricately Related" to Counts Six and Eight***

In support of the admission of evidence of Grimes' other charged offenses, the Government first asserts that those offenses are "intricately related" to Counts 6 and 8, and should

therefore be admissible pursuant to Seventh Circuit law.

"Evidence of other acts which are 'intricately related to the facts of the case' is admissible without reference to Rule 404(b), provided that it passes the balancing test under Rule 403." *United States v. Owens,* **424 F.3d 649, 655 (7th Cir. 2005) citing** *Hargrove,* **929 F.2d at 320.** Such intricately related evidence includes information necessary to provide the jury with a complete story of the crime on trial, *Ramirez,* **45 F.3d at 1102;** *United States v. Roberts,* **933 F.2d 517, 520 (7th Cir. 1991),** to avoid a conceptual or chronological void, *United States v. Lahey,* **55 F.3d 1289, 1295-96 (7th Cir. 1995);** *United States v. Hattaway,* **740 F.2d 1419, 1424-25 (7th Cir. 1984),** or to explain the basis of relevant relationships between co-conspirators, *United States v. Zarnes,* **33 F.3d 1454, 1469 (7th Cir. 1994).**

In this matter, the Government asserts that Grimes' other charged offenses are intricately related to Counts 6 and 8 because those offenses provide an explanation of Grimes' "motive" and "plan" for the assaults, provide the jury with "a complete story of the crimes on trial," and "prevent a chronological or conceptual gap in the story of the two assaults" (Doc. 55, p. 12). Notably, however, other than citing and describing Seventh Circuit cases the Government contends are analogous to the present matter, the Government presents little additional argument or details to support these legal conclusions.

In reviewing the facts and circumstances related to the other charged offenses, as well as Counts 6 and 8, this Court finds that only evidence relating to Count 7 is properly considered "intricately related" to either Count 6 or Count 8. The facts and circumstances of Counts 1 through 5 all happened on occasions wholly separate from those related to Count 6. No piece of evidence related to those five charges is necessary in order to "fill a conceptual or chronological void," or to

provide the jury with a "complete story" of either Count 6 or 8.

As to Count 6, for instance, the facts immediately preceding the charged conduct adequately present to the jury a "complete story" regarding that count.  As the Government has informed the Court, prior to allegedly attacking Officer Walters on August 17, 2005, Grimes apparently cursed at Walters, threatened him, and became incensed (*See* Doc. 55, p. 8).  These facts are sufficient to "fill [any] conceptual void," and tell the jury a "complete story," from a legal perspective regarding Count 6.  Accordingly, evidence related to Counts 1 through 5 is unnecessary to fulfill that purpose, and cannot be considered "intricately related" to Counts 6 or 8.

As to Count 8, however, this Court finds that the evidence related to Count 7 *is* necessary in order for the jury to have a "complete story" of the conduct which is the basis for Count 8.  The conduct that is charged as Count 7 in this matter occurred a mere five minutes before the alleged assault charged as Count 8.  Moreover, Count 7 is based upon Grimes' threats to the very officer that he later allegedly assaulted.  As opposed to Counts 1 through 5, then, evidence related to Count 7 is necessary in order to avoid a "conceptual void" in the story of Count 8.

Accordingly, evidence relating to Count 7 is "intricately related" to Count 8, and is therefore admissible without reference to **Rule 404(b)**, provided that it passes the balancing test under Rule 403." ***Owens,* 424 F.3d at 655.  Federal Rule of Evidence 403** allows otherwise admissible, relevant evidence to be excluded only if its probative value is substantially outweighed by the danger of undue prejudice created by the evidence. FED. R. EVID. 403.  Here, although evidence related to Count 7 is prejudicial, it helps avoid a "conceptual void" in the story of Count 8, is "intricately related" to Count 8, and is therefore highly probative.  Its probative value is not substantially outweighed by the danger of unfair prejudice.  Accordingly, based on the facts and

circumstances presently before the Court, the Court will allow the Government to present, during its case in chief, evidence related to Count 7 to more fully inform the jury regarding Count 8.

Count 9 – which occurred the day *after* Count 8 – is similar to Counts 1through 5 in that it is not necessary to tell the jury a "complete story" or fill any "conceptual void" regarding Counts 6 or 8. Accordingly, evidence of Count 9 is not "intricately related" to the charges for which Grimes will be on trial, and therefore, like the evidence related to Counts 1 through 5, must be subjected to a **404(b)** analysis if it is to be found admissible.

### *Whether Evidence of the Other Charged Offenses is Admissible Under Rule 404(b)*

The Government next argues that evidence of the "other charged offenses" is admissible pursuant to **RULE 404(b)**. **RULE 404(b)** of the Federal Rules of Evidence provides that evidence of prior crimes, wrongs or acts is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," but not to prove a defendant's character in order to show he acted in conformity with the charged offense. **FED. R. EVID. 404(b)**; *see also United States v. Macedo,* 406 F.3d 778, 792 (7th Cir. 2005); *United States v. Best,* 250 F.3d 1084, 1090 (7th Cir. 2001).

Courts are to review the admissibility of evidence under **404(b)** according to a four-part test considering whether: (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged, (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue, (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act, and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *Macedo,* 406 F.3d at 793; *United States v. Joseph,* 310 F.3d 975, 978 (7th Cir. 2002).

5

Reviewing the evidence related to Counts 1 through 5 and Count 9, this Court finds that this evidence fails the **404(b)** test.  Regarding the first prong of the **404(b)** test, the Government asserts that evidence of the other charged offenses displays that Grimes "became motivated" and "developed a plan" to threaten or assault any guard unfortunate enough to cross his path (Doc. 55, pp. 13-14).  This Court disagrees.

The Court finds inaccurate the Government's assertion that Grimes' prior behavior – occurring over a period of roughly nine months – displays any "plan" or "motive" on Grimes' part. This Court questions the Government's speculative theory that upon being denied his visitation time on March 13, 2005, Grimes thereafter developed a nearly year-long "plan to strike out against the correctional officers at any opportunity provided to him." *Id.* at 14.  In addition to being strained, this theory is belied by the fact that, as an inmate, Grimes' undoubtedly had opportunities to "strike out against the correctional officers" on a daily basis, yet the Government has presented evidence of this actually happening on only two occasions, those two occasions occurring nearly four months apart.

Rather, the numerous and various threats made by Grimes to correctional officers, and other inmates displays, if anything, Grimes' *propensity* to threaten or assault those with whom he finds himself in some sort of disagreement or conflict.  These events display Grimes' bad character and are the sort of incidents **Rule 404(b)** is meant to exclude in these situations. Accordingly, the Court finds that evidence of the other charged offenses – Counts 1 through 5 and Count 9 – fails to meet the first requirement of the **404(b)** analysis pursuant to ***Macedo,*** and therefore will not be admissible as part of the Government's case in chief.

In addition, although evidence of Counts 1 through 5 and Count 9 is inadmissible under **Rule 404(b)** on this basis alone, the Court further notes that the evidence almost certainly

would fail a **Rule 403** balancing test.  As mentioned above, evidence related to Count 7 and evidence of Grimes' actions immediately preceding the circumstances charged in Count 6 will provide the jury with adequate information to determine that Grimes' allegedly assaultive behavior was voluntary and intentional.  In light of this fact, additional accounts of Grimes' disruptive and criminal behavior would be cumulative, and therefore have minimal probative value.  Moreover, evidence of Grimes' vulgar and outrageous threats to other correctional officers carries a very substantial risk of undue prejudice to Grimes.  Accordingly, even if this evidence did pass the **404(b)** analysis, it is doubtful that it would pass a **Rule 403** balancing test.  For all these reasons, the Court, at this time*,* precludes the Government from presenting evidence related to Grimes' other charged offenses in Counts 1 through 5 and Count 9 during its case in chief.

### *The Admissibility of Grimes' August 5, 2005 Threat Against Counselor Lirios*

In its supplemental notice of intent (Doc. 58), the Government also seeks to introduce threats made against Correctional Counselor Waleska Lirios. *Id.* at 1-2.  For the same reasons that apply to the evidence of Counts 1 through 5 and Count 9, the Court precludes the Government from presenting this evidence during its case in chief.  This incident is not "intricately related" to either Count 6 or 8.  Moreover, this evidence has little, if any, probative value in regards to Counts 6 and 8, and is highly prejudicial.  The evidence fails a **Rule 404(b)** test as well as a **Rule 403** balancing test.

### *Grimes' February 15, 2005 Assault Against Another Inmate*

Finally, the Government asks the Court for permission to introduce evidence of Grimes' prior assault against Clarence Pitts, another inmate, "only to refute any defense that Grimes has no prior history of assaultive behavior ...." *Id.* at 2.  This issue is not ripe, as this Court can only

speculate as to whether Grimes will in fact present such an argument at trial.  Accordingly, the Court reserves ruling on this issue until and if this issue arises at trial.

C. **Conclusion**

This Order is based solely on the facts and circumstances presently before the Court. The Court **ORDERS** that the Government is precluded from presenting during its case in chief evidence related to Grimes' prior bad acts that form the basis for Counts 1 through 5 and Count 9. In addition, the Government is precluded from presenting, as part of  its case in chief, evidence of Grimes' August 5, 2005, threats against Lirios.  The Government may present evidence of Grimes' conduct in relation to Count 7 and those actions immediately preceding Count 6 during its case in chief in order to provide the jury with a "complete story" of the offenses for which Grimes will be on trial.  The Court reserves ruling on the admissibility of Grimes' prior assault against inmate Pitts if and until that issue arises at trial.

IT IS SO ORDERED.

DATED this 12th day of June, 2006.

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge